J. A24043/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.G.L., JR., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 454 MDA 2018 |
| | : | |
| J.M.L. | : | |

Appeal from the Order Entered February 9, 2018,
in the Court of Common Pleas of Berks County
Civil Division at No. 11-17209

BEFORE:  OTT, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED DECEMBER 24, 2018**

D.G.L., Jr. ("Father"), appeals from the February 9, 2018 order[1] that confirmed the November 13, 2017 final custody order that awarded J.M.L. ("Mother") sole legal and primary physical custody of the parties' son E.C.L. ("Child") and that awarded Father partial physical custody of Child.  We affirm.

The trial court set the following findings of fact:

> 1.    [Father] currently resides [in] Exeter, Berks County [and] is 47 years old.
>
> 2.    [Mother] currently resides [in] Exeter, Berks County [and] is 42 years old.

---

[1] We note that the trial court executed the order on February 8, 2018, but the order was not entered on the docket until February 9, 2018.  As an appeal is properly taken from an order that has been entered on the docket, we have corrected the caption to accurately reflect the date that the order from which Father appeals was entered on the docket.  **See** Pa.R.A.P. 903(a) (requiring that a notice of appeal must be filed within 30 days after "entry of the order from which the appeal is taken").

3. Mother and Father are the natural parents of one child: [Child], age 9.

4. The parties married on November 2, 1999 and were divorced in May 2012.

5. Mother is employed by [an investment firm] as a Team Leader.

6. Father is employed as a Tax Accountant [].

7. Father and Mother both live in the Exeter School District.

8. [C]hild is currently enrolled in 4th grade in the Exeter School District [].

9. Both parties have appropriate housing within a short drive of each other.

10. Father lives alone.

11. Mother lives alone.

12. [C]hild suffers from severe constipation and bowel obstruction issues and must take laxative medication and vitamins on a daily basis. [C]hild's symptoms began when Mother and Father separated.

13. Mother and Father have such a contentious relationship that they can only communicate in writing.

14. Father has an extremely hostile relationship with Mother's parents with both sides accusing the other of stalking and harassment.

15. The parties attempted to engage in co-parenting therapy sessions but Father stopped attending because he felt it was not productive. The co-parenting therapist found

> that Father would fixate on irrelevant past issues and sabotage any potential progress.
>
> 16. Play therapy was recommended for [C]hild but Father interfered and alienated the therapists to such a point that the therapist refused to let Father attend sessions and Father revoked his consent for [C]hild to be treated.
>
> 17. By order of this Court, a Custody Evaluation was conducted by Dr. Richard Small, Ph.D. Dr. Small recommended that the parties share physical custody on as equal a basis as possible without disrupting [C]hild's school schedule.
>
> 18. Dr. Small found Father to be very anxious and obsessive over details.
>
> 19. Father accuses Mother of not communicating events and information in a timely manner yet Father fails to regularly check Our Family Wizard and refuses certified mail from Mother containing medical information for [C]hild.

Trial court opinion, 11/13/17 at 1-3.

The record reflects that following entry of the final custody order on November 13, 2017, Father filed a motion for post-trial relief and a motion for reconsideration of the custody order on November 20, 2017. The trial court held argument on Father's motion for reconsideration of the custody order. On February 9, 2018, the trial court entered the order confirming the final custody order. Father filed a timely notice of appeal, together with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i). Subsequently, the trial court filed a Rule 1925(a)(2)(ii) opinion wherein it relied on its reasoning and incorporated

by reference its findings of facts and conclusions of law set forth in its November 13, 2017 opinion and final custody order.

Father raises the following issues for our review:

[1.] Wheather [sic] the trial court erred and committed an abuse of discretion in awarding Mother primary physical custody and sole legal custody of the minor Child rather than awarding shared physical and legal custody?

[2.] Whether the trial court's failure to give sufficient weight to the testimony of Dr. Richard F. Small, Dr. Matthew Shollenberger, and Dr. Linda Kennedy Hassel is an abuse of discretion and not supported by credible evidence of record?[2]

Father's brief at 7 (full capitalization omitted).

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. This Court must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. We defer to the credibility determinations of the presiding trial judge, who

---

[2] Mother suggests that we find this issue waived on appeal because Father failed to raise a weight claim with respect to these "three specific witnesses" in his Pa.R.A.P. 1925(a)(2)(i) statement which "clearly prevent[ed] the judge from addressing the issue". (Mother's brief at 23-24.) We decline to find waiver. The record reflects that Father raised weight challenges with respect to the testimony of "several witnesses, including experts" in his motion for post-trial relief and motion for reconsideration. (**See** Father's motion for post-trial relief pursuant to Pa.R.Civ.P. 227.1 and motion for reconsideration, 11/20/17 at 1, ¶ 3.) As the trial court filed a Rule 1925(a)(2)(ii) opinion that relied upon its reasoning and incorporated by reference its findings of fact and conclusions of law set forth in its November 13, 2017 opinion and final custody order that effectively denied Father's motions for post-trial relief and reconsideration, Father's failure to specifically identify these three expert witnesses by name in his Rule 1925(a)(2)(i) statement did not deprive the trial court of the opportunity to explain its decision and does not impede appellate review.

viewed and assessed the witnesses first-hand. We, however, are not bound by the trial court's deductions or inferences from its factual findings, and ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the trial court's conclusions only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

When a trial court orders a form of custody, the best interest of the child is paramount. A non-exclusive list of factors a court should consider when awarding custody are set forth at 23 Pa.C.S.A. § 5328(a).

(1)    Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2)    The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1)    The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3)    The parental duties performed by each party on behalf of the child.

(4)    The need for stability and continuity in the child's education, family life and community life.

(5)    The availability of extended family.

(6)    The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.[A.] § 5328(a).

*P.J.P. v. M.M.*, 185 A.3d 413, 417-418 (Pa.Super. 2018) (internal citations, quotation marks, and brackets omitted).

Here, the trial court weighed Factors 1, 3, 5, 9, 10, 12, 13, and 15 in Mother's favor. (Trial court opinion, 11/13/17 at 4-7.) Factors 2, 4, 6, 7, 8, 11, and 14 weighed in favor of neither party. (*Id.*) With respect to Factor 16 (any other relevant factor), the trial court noted:

> While it is evident that Mother and Father both love [C]hild very much, there is room to improve in their co-parenting relationship. Father's rigidity and need to control the narrative have greatly impeded any meaningful co-parenting progress and have also sabotaged the therapy process that was recommended for [C]hild. Although Dr. Small recommended a 50-50 physical custody arrangement, the Court is not convinced that is appropriate at this time given Father's obstinance and refusal to take responsibility in his role in putting his obsession with custody before the best interest of his own son. Father needs to make more diligent efforts to keep up to date with Our Family Wizard so that he is better able to participate in [C]hild's activities and respond in a more timely fashion to Mother. It would also benefit [C]hild if Mother and Father would resume co-parenting counseling, in good faith, with a new therapist.

*Id.* at 7.

In his brief, Father reiterates the trial court's analysis of the best-interests factors, and where Father disagrees with the trial court's conclusion, he invites us to reweigh the evidence in an attempt to convince us to arrive at a different result. (Father's brief at 10-20.) We decline Father's invitation because our role as an appellate court "does not include making independent factual determinations." *P.J.P.*, 185 A.3d at 417. Our review of

the record reveals that the trial court adequately considered the statutory factors and set forth its reasoning, as supported by the record, for awarding Mother sole legal and primary physical custody of Child and awarding Father partial physical custody of Child.  We find no abuse of discretion.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2018